■ In the Matter of the Accounting of CHARLES W. CRAWFORD et al., as Executors of FERRIS BOOTH, Deceased, Respondents. MARIE G. RELDAN et al., Appellants.— Decree unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of increasing the attorneys' fees allowed objectants-appellants to $5,000, and is otherwise affirmed, with costs to parties filing briefs in this court, payable out of the residuary trusts. The distinction between shares of stock distributed as a result of a stock split-up and a stock dividend has been authoritatively defined by the courts (*Matter of Fosdick*, 4 N Y 2d 646, 653; *Matter of Horrmann*, 3 A D 2d 5). In the absence of language in the will in this case more clearly manifesting a contrary treatment, the authorities cited are controlling. Under all the circumstances, however, objectants-appellants are entitled to an allowance of attorneys' fees in a greater amount than that allowed by the Surrogate. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ In the Matter of the Probate of the Will of ETHEL HARPER, Deceased. FIRST NATIONAL CITY TRUST COMPANY, Appellant; FLORENCE H. COLBY et al., Respondents.— Decree, denying probate, unanimously reversed, on the law and on the facts, with costs to all parties filing briefs payable out of the estate, and a new trial directed on the issue of testamentary capacity. The learned Surrogate properly directed a verdict on framed issues one, two and three which involved the validity of the execution of the will; issue five which pertained to undue influence; and issue six which pertained to fraud. The fourth issue of testamentary capacity was submitted to the jury. The question of testamentary capacity was presented fairly to the jury in a charge to which there were no objections or requests and one exception not here involved. However, evidence was introduced by the contestant relevant only on the question of undue influence which may well have influenced the jury on the issue of testamentary capacity. The issue was close and it may have been decided on evidence unrelated to the issue of testamentary capacity. A new trial confined to the issue of testamentary capacity is accordingly directed in the interests of justice. (Surrogate's Ct. Act, § 309; *Matter of Weston*, 15 A D 2d 410, 412.) Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.